## JAMES A. CLAYTON & COMPANY, PETITIONER, *v.* COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 4320, 11088.     Decided September 25, 1926.

Under the conditions of fact existing in this proceeding the petitioner is not entitled to classification as a personal service corporation.

*H. H. Tooley, C. P. A.,* for the petitioner.
*George E. Adams, Esq.,* for the respondent.

ARUNDELL: This is a proceeding for the redetermination of deficiencies in income and profits taxes for the years 1919 and 1920 in the amounts of $7,564.63 and $8,809.01, respectively. The question involved is the right of the petitioner to report its income on a personal service basis. By agreement of counsel the proceedings have been consolidated.

### FINDINGS OF FACT.

Petitioner was organized under the laws of California during the year 1903, and since that date has been engaged in the general real estate business in San Jose. During the taxable years there was outstanding capital stock of the par value of $51,000, which was owned as follows:

|  | Shares |
|---|---|
| F. O. Reed | 150 |
| James A. Clayton | 180 |
| Ethel Clayton | 179 |
| W. S. Clayton | 1 |

The employees of petitioner consisted of one bookkeeper, two stenographers, one rent clerk, one insurance clerk, one general clerk, and five salesmen. The salaries paid to employees during the year 1919, other than to the salesmen who were employed purely on a commission basis, amounted to $6,794.25; during the year 1920 the salaries to employees, other than salesmen, amounted to $8,431.80.

The returns disclose that the following salaries were paid to the officers of the corporation during the years 1919 and 1920:

|  | 1919 | 1920 |
|---|---|---|
| Frazier O. Reed, president | $3,000 | $3,000 |
| Ethel Clayton, vice president | 600 | 550 |
| W. S. Clayton, secretary | 900 | 900 |
| J. B. Clayton, stockholder | 1,200 | 1,200 |

During the years 1919 and 1920, petitioner's income as shown by its returns was received almost entirely from the following sources:

|  | 1919 | 1920 |
|---|---|---|
| Commissions on sales of real estate for others, etc | $72,719.04 | $63,189.24 |
| Interest on Liberty bonds | 876.75 | 1,295.00 |
| Interest received from loans, other than Liberty bond interest | 1,662.00 | 3,377.69 |
| Rentals | 977.86 | 1,196.24 |
| Dividends received from corporations | 1,029.30 | 1,654.50 |
| Profit on sale of real estate on own account and on collection of note | 25,764.25 | 12,756.25 |

The commissions set forth in the tabulation were primarily earned in the sale of real estate for others. It also covered sums earned in writing insurance on the property sold and for making loans. The petitioner owns stock in seven companies, including banks, abstract companies and the San Jose Water Works, and the dividends listed in the foregoing tabulation were received from these companies.

The major expense items as set forth in the returns for the years 1919 and 1920, together with other deductions, were as follows:

|  | 1919 | 1920 |
|---|---|---|
| Wages of employees | $6,794.25 | $8,431.80 |
| Salaries of officers and members of corporation | 5,700.00 | 5,650.00 |
| Advertising | 2,032.27 | 2,441.20 |
| Maintenance of automobiles | 3,879.22 | 3,840.08 |
| Interest | 511.55 | 105.63 |
| Taxes on real estate | 1,067.57 | 1,287.39 |
| Bad debts | 820.45 | 1,131.00 |
| Depreciation on real estate and automobiles | 1,426.55 | 1,109.69 |
| Loss on sale of real estate on own account | 15,056.54 | |
| Loss on sale of hay accepted in payment of commission | 5,423.39 | |
| Loss on sale of shares of stock held for investment | | 5,160.00 |
| Ordinary expenses | 4,749.40 | 7,041.32 |

The balance sheets submitted with petitioner's returns disclose the following:

|  | Dec. 31, 1919 | Dec. 31, 1920 |
|---|---|---|
| **ASSETS** | | |
| Cash on hand and in bank | $7,916.59 | $4,546.72 |
| Accounts receivable | 42,559.07 | 67,535.96 |
| Investment shares | 26,063.10 | 21,913.10 |
| Loans, bills receivable | 69,795.70 | 55,766.70 |
| Real estate | 28,278.58 | |
| Land | | 15,354.19 |
| Improvements | | 5,520.00 |
| Books out of balance | 1,043.11 | 1.15 |
| Auto purchase account | 792.20 | 1,061.77 |
| Furniture and fixtures | 955.06 | 845.06 |
| Municipal bonds | | 8,160.00 |
| Liberty bonds: | | |
| Third | 6,000.00 | 6,000.00 |
| Fourth | 18,000.00 | 19,500.00 |
| Fifth | 50.00 | 550.00 |
| Second | | 1,000.00 |
| War stamps | 838.00 | 838.00 |
| Suspense account | | 702.94 |
| | 202,291.41 | 209,295.59 |
| **LIABILITIES** | | |
| Accounts payable | 92,618.17 | 113,013.41 |
| Overdrafts | 1,779.27 | |
| Commissions from incompleted sales | 9,249.65 | 2,288.75 |
| Capital | 51,000.00 | 51,000.00 |
| Undivided profits | 5,551.34 | 5,551.34 |
| Profit and loss | 41,793.51 | 37,442.09 |
| Suspense account | 299.47 | |
| | 202,291.41 | 209,295.59 |

The bills receivable represent, in part, commissions not collected in cash and loans to clients to complete purchases. The accounts receivable represent, in part, money advanced by petitioner in floating loans to be thereafter sold. It was the practice of petitioner at

times to use money left with it for investment with which to purchase loans in cases where it was assured that another customer would, within a few days, repurchase the loans from it. The accounts payable reflected the money left on deposit with petitioner for investment and on this money no interest was ever paid.

*Judgment for the Commissioner.*